PRICE, Judge.
Felton J. Rambo brought this action seeking benefits under the Workmen’s Compensation Statute for a total and permanent disability alleged to have resulted from an accidental injury suffered by him in his employment with Sperry Rand Corporation in September, 1972.
The defendants, Sperry Rand and its insurer, Travelers Insurance Company, denied plaintiff suffered any accidental injury while employed by Rand giving rise to his alleged disability. After trial on the merits the district court rejected plaintiff’s demands. On this appeal by plaintiff, the issues presented for review by us are factual in nature and do not involve any disputed rules of law. Thus the findings and conclusions of the, trial judge are to be maintained unless manifestly erroneous.
Plaintiff contends he was injured while working on the “Y” line of the Louisiana Army Ammunition plant operated by Sperry Rand. He was allegedly unloading steel billets weighing approximately 125 pounds from a conveyor belt when the accident took place. Plaintiff contends he had lifted a billet from the belt and had placed it in a stack when it began to roll off. In the process of pulling it back into place he contends he felt a sudden pain in his back.
*875 Whether or not such an incident took place (as contended by plaintiff) is the issue in dispute in this case.
There is no dispute that he did undergo surgery on his back for a ruptured disc in December, 1972, and that some disability has resulted. Because we are of the opinion the trial judge has committed no error in finding the evidence insufficient to find plaintiff suffered an accidental injury within the scope of his employment, we pretermit any discussion of the extent or cause of disability. The trial judge found plaintiffs testimony depicting an accident on about September 25, 1972, to be lacking in credibility for the following reasons:
The plant records show plaintiff complained of his back aching on this date and was sent to first aid by his foreman. The records further show he indicated at this time his complaints were not caused by an occupational injury. On two or three subsequent occasions he received permission to go to first aid with a similar complaint and continued to declare his complaints non-occupational. On the first visit to his physician, Dr. Irwin J. Rice, he stated his trouble was not caused by a work related accident. The same information was given Dr. W. W. Fox, the orthopedist who performed surgery on him in December. Plaintiff applied for and received medical expenses and disability payments totaling some $5,240.20 under a company group policy which is limited to non-occupational accidents or sickness.
Plaintiff’s attempt to explain his misrepresentations on the basis of an alleged fear he would lose his job if he reported an on-the-job compensable injury, was not supported by the evidence. Because of the inconsistencies and contradictions in the testimony of the several witnesses called by plaintiff, their testimony should be given little weight and is insufficient to establish the happening of the alleged accident with any degree of legal certainty.
We find the record supports the conclusions reached by the trial judge, and therefore, affirm the judgment appealed from. Costs of this appeal are assessed to appellant.